UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
THOMAS E. PEREZ, Secretary of Labor,
United States Department of Labor,

                                      Plaintiff,

v.

PEOPLE OF COLOR IN CRISIS
403(B) RETIREMENT PLAN,

                                   Defendant.
---------------------------------------------------------------

**MEMORANDUM AND ORDER**
13-cv-3427 (RRM) (JMA)

ROSLYNN R. MAUSKOPF, United States District Judge.

Before the Court is the Secretary of Labor's[1] Motion for Default Judgment (Doc. No. 7), seeking to have a fiduciary appoint for the defendant, People in Color in Crisis 403(b) Retirement Plan ("the Plan"), an allegedly abandoned pension benefit plan with no active trustee from whom the Plan's participants can access their funds. For the reasons below, the Secretary's Motion is DENIED with leave to renew.

Courts in New York and elsewhere have appointed independent fiduciaries in default judgments to administer and terminate seemingly abandoned benefit funds. *See, e.g., Solis v. J.P. Maguire Co.*, 11-CV-2904 (KAM) (JMA), 2012 U.S. Dist. LEXIS 131686 at *10-11 (E.D.N.Y. July 24, 2012) (collecting cases) (Report and Recommendation), *adopted by Solis v. J.P. Maguire Co.*, 2012 U.S. Dist. LEXIS 131682 (E.D.N.Y., Sept. 14, 2012). Here, however, the Secretary's motion, and in particular, his declaration in support of the motion (Doc. No. 7-3), fails to provide sufficient information from which the court can determine whether the Plan is, in fact, abandoned.

---

[1] The Court hereby Orders the substitution of Thomas E. Perez, the current Secretary of Labor, as named plaintiff.

The declaration, sworn to by the attorney handling this matter for Secretary, states that that the information it contains is "to the best of [the declarant's] knowledge and belief, . . . known the U.S. Department of Labor, Employee Benefits Security Administration as a result of a diligent inquiry." No supporting documents are provided, nor is there an affidavit from the individual who conducted the "diligent inquiry," or any other information as to why the records in the custody of the Department of Labor provide a basis for the factual assertions in the attorney declaration. Thus, the information presented is largely conclusory, and the Court has no basis to determine, *inter alia*, whether "the company ceased business operations in December 2008," or whether "since 2008 no individual or entity has taken steps to wind down the Plan or to distribute its assets to the participants in the Plan." Moreover, there appear to have been numerous efforts undertaken by the Secretary to contact various individuals affiliated with the Plan. *See* Ltr. of June 19, 2013 (Doc. No. 4). Yet, none of these efforts are set forth in the Secretary's declaration in support of the motion for default judgment. Thus, the supporting information underlying the Secretary's claim that this plan is abandoned – the central issue on this motion – is, as presented, wholly insufficient.

Moreover, the Court also has concerns about sufficiency of service of the Secretary's Motion. The declaration of service dated August 22, 2013 (Doc. No. 7-4) states that the Notice of Motion and supporting papers were served, but it is not clear when, on whom, at what address and by what method.

These deficiencies can easily be overcome. Voluminous records are not necessarily required, but sufficient proof of abandonment from a competent source or sources can easily be set forth. Moreover, a supplemental declaration demonstrating proper proof of service – if, indeed service was proper – should not be difficult.

**CONCLUSION**

For the reasons stated herein, the Secretary's Motion for Default Judgment is DENIED with leave to renew. Any renewed motion must be filed by September 13, 2013. Failure to so do will result in dismissal of this action without prejudice.

SO ORDERED.

*Roslynn R. Mauskopf*

Dated:  Brooklyn, New York
       August 22, 2013     _____